**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DERIVADOS DE JOJOBA, S.A. DE C.V.and INDUSTRIALIZADORA DE CACAHUANANCHE, S.A. DE C.V., | Civil Action No: 1: 24-5692 |
| Plaintiffs, v. | **COMPLAINT** |
| RASHBI LLC, Defendant, | **Jury Trial Demanded** |

Plaintiffs Industrializadora de Cacahuananche, S.A. de C.V. ("Industrializadora") and Derivados de Jojoba, S.A. de C.V. ("Derivados," together with Industrializadora, "Plaintiffs"), for their complaint against defendant Rashbi LLC ("Rashbi" or "Defendant"), allege as follows:

## NATURE OF THE ACTION

1.      This is an action for preliminary and permanent injunctive relief, damages, and for further relief based on Defendant's trademark infringement, false designation of origin, false advertising and unfair competition in violation of the Lanham Act and the common law. Plaintiffs' claims arise from Rashbi's misappropriation of Plaintiffs' trademark by falsely advertising, marketing, and promoting non-genuine and counterfeit "Tepezcohuite" 1 creams using a nearly identical mark, packaging, color, and text composition and an indigenous figure to those sold by Plaintiffs (the "Infringing Products"). Defendant's sale of the Infringing Products is willful and malicious in violation of Plaintiffs' DEL INDIO PAPAGO mark.

## THE PARTIES

2.      Plaintiff Derivados is a corporation organized under the laws of Mexico with its principal place of business located at 161 Bellavista, Zapopan, Jalisco, Mexico 45169.

3.      Plaintiff Industrializadora is a corporation organized under the laws of Mexico with its principal place of business located at 20 Camino Arenero, Zapopan, Jalisco, Mexico 45221.

4.      Defendant Rashbi, on information and belief, is a corporation organized under the laws of Delaware, which can be served at 1811 Silverside Road, Wilmington, DE 19810 and is conducting business in the Southern District of New York ("District").

## JURISDICTION AND VENUE

5.      This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and under the common law. This Court has subject matter jurisdiction for each of the claims herein under 28 U.S.C. §1331, 28 U.S.C. §1338, and 28 U.S.C. §1367. Plaintiffs' federal claims are predicated on 15 U.S.C. §1114 and 15 U.S.C. §1125, and their claims arising under the laws of common law are substantially related to its federal claims such that they form part of the same case or controversy under Article III of the United States Constitution.

6.      On information and belief, this Court has personal jurisdiction over Rashbi because it has purposefully availed itself of the New York market and has purposefully directed its business activities into this state, including this District.

7.      On information and belief, Rashbi has extensive contacts with New York and this District, and Rashbi has purposefully directed the Infringing Products to be advertised, promoted, and sold in this District. Rashbi has deliberately taken advantage of the New York market to profit from sales of the Infringing Products.

8.      On information and belief, Rashbi purposefully and consistently sells and distributes the Infringing Products into New York, competing with Plaintiffs in the New York market, and causing harm to Plaintiffs every time a customer in this District chooses the Infringing Products over Plaintiffs' products. Plaintiffs have suffered competitive harm in the New York marketplace through the diversion of sales by Rashbi's false advertising. The harm Plaintiffs have

suffered, including lost sales in New York and this District, due to Rashbi's false and misleading advertising and other acts of unfair competition in this state, arises directly out of Rashbi's New York contacts, and would not have arisen but for Rashbi's New York activities.

9.     On information and belief, Rashbi has previously hired and currently hires consultants located in New York and this District to advise on its business activities.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.     Derivados and Industrializadora, individually and through a duly recorded assignment, have been using the DEL INDIO PAPAGO mark in connection with the manufacture and sale of natural hair, skin, and beauty products since 1985 in Mexico and since at least 2013 in the United States.

12.     DEL INDIO PAPAGO has become well known throughout the United States, particularly for its signature facial and body creams known as DEL INDIO PAPAGO Tepezcohuite creams as shown below:



13.    Plaintiffs' products creams are marketed, promoted, and sold as Tepezcohuite creams containing collagen, vitamin E, SPF 15 protection, and "Mimosa tenuiflora."  They are sold in distinctive blue & white packaging or red and gold packaging.  Plaintiffs' products are manufactured by Industrializadora, which <u>exclusively</u> manufactures DEL INDIO PAPAGO Tepezcohuite creams.

14.    Pursuant to a trademark assignment from Derivados, Industrializadora owns the entire interest and goodwill of the federal trademark registration for the word mark DEL INDIO PAPAGO covering international class 003: bath soaps, beauty soap, body oils, and cream soaps (US Registration No. 4,360,075 – "the '075 Registration").  A copy of the Registration Certificate for DEL INDIO PAPAGO and Notice of Recordation Assignment is attached hereto as **Exhibit 1** and are incorporated herein by this reference.

15.    The trademark for DEL INDIO PAPAGO was registered on July 2, 2013. DEL INDIO PAPAGO has been used continuously throughout the United States to designate its beauty products. The DEL INDIO PAPAGO mark, DEL INDIO PAPAGO Tepezcohuite creams' distinctive packaging, color, text composition, and depiction of an indigenous figure have enabled DEL INDIO PAPAGO to achieve notoriety among the public with an enormous amount of goodwill and is a distinctive symbol of the goodwill that belongs to DEL INDIO PAPAGO. Similarly, the DEL INDIO PAPAGO word mark is inherently distinctive and has acquired a strong secondary meaning in the public's mind in connection with high-quality creams.

16.    Since the first use of the DEL INDIO PAPAGO word mark and the sale of DEL INDIO PAPAGO Tepezcohuite creams, Plaintiffs have steadily expanded their business by

promoting and selling DEL INDIO PAPAGO products throughout the United States, including online retailers such as Amazon and Walmart.

17.     Similarly, Plaintiffs have expended considerable resources developing and marketing products associated with the DEL INDIO PAPAGO mark, including the DEL INDIO PAPAGO Tepezcohuite creams.

18.     Due to the investment of time and resources, DEL INDIO PAPAGO products have enjoyed substantial sales success and gained widespread consumer recognition as signifying high-quality skin care products originating exclusively from Plaintiffs. Equally as important, through Plaintiffs' lengthy and continuous use and its efforts to advertise and promote its products offered in connection with the distinctive DEL INDIO PAPAGO mark, DEL INDIO PAPAGO Tepezcohuite creams trade dress have also acquired a secondary meaning, signifying to consumers DEL INDIO PAPAGO and its high-quality beauty products.

19.     Plaintiffs allow its products bearing the DEL INDIO PAPAGO mark to be purchased by consumers in the United States from sellers expressly authorized in approved channels such as Amazon.com and Walmart.com.

## THE INFRINGING PRODUCTS

20.     Defendant sells the Infringing Products as creams that are marketed and promoted, as Tepezcohuite creams containing collagen, vitamin E, SPF 15 protection, and "Mimosa tenuiflora."  Defendant's Infringing Products are sold under the alleged mark PAPA INDIO in blue and white packaging or red and gold packaging.  Rashbi advertises the Infringing Products as manufactured by Industrializadora, which exclusively manufactures DEL INDIO PAPAGO Tepezcohuite creams.

21.    Upon information and belief, Defendant has operated and continues to operate a storefront at various online retailers, including Amazon, Walmart, and eBay.com wherein it sells Infringing Products as shown below:

Rashbi's Infringing Product in brown and gold




Rashbi's Infringing Product in white and blue




## RASHBI'S INFRINGING ACTIVITY

22.     Rashbi is clearly intending consumers to confuse DEL INDIO PAGAGO's genuine

and products sold using its trademarked with Defendant's non-genuine, unauthorized counterfeit

Infringing Products in violation of the 075 Registration:

The Infringing Product                              Plaintiffs' Product



The Infringing Products                   Plaintiffs' Products



7

23.     The side-by-side comparison above shows that Rashbi's Infringing Product designs are confusingly similar to DEL INDIO PAPAGO Tepezcohuite's creams.

24.     Additionally, Rashbi advertises the products falsely telling consumers that they are manufactured by Industrializadora.  Industrializadora does not manufacture the Infringing Product.

25.     Defendant further misleads customers by providing incomplete or false information about the Infringing Product to retailers where DEL INDIO PAPAGO products are sold, such as Amazon, Walmart and eBay.

26.     For instance, upon information and belief, Defendant sells the Infringing Products on eBay at the following link: https://www.ebay.com/itm/266461369625?itmmeta=01J2YM24HKQ7CZS5XZ6QB5JEP5&hash=item3e0a55d519:g:o4MAAOSwnhRlMBV- wherein the use of a confusingly similar mark, trade dress and fraudulent representations about the quality and origin of the Infringing Products are apparent:



8

27.    Leaving no doubt as to where the products are located, upon information and belief Defendant specifies that the Infringing Products are located in New York:



28.    Finally, upon information and belief, Defendant's own sales page on eBay suggests that Plaintiffs' DEL INDIO PAPAGO creams are "Similar Items," reinforcing the fact that consumer confusion exists between Plaintiffs' genuine products and Defendant's Infringing Products:



29.    As a result, consumers purchase Infringing Products from Amazon, Walmart, eBay, and other retailers instead of DEL INDIO PAPAGO TEPEZCOHUITE's creams.

9

30. Defendant's efforts have had their intended effect. Based upon Defendant's false and misleading commercial advertising and promotion in interstate commerce, retailers and others in the District and across the country have purchased or will purchase the Infringing Products and have ceased or will cease to purchase Plaintiffs' genuine products.

31. These customers have been or will be deceived by Rashbi's advertising into believing that the Infringing Products are equivalent to and substitutable for DEL INDIO PAPAGO Tepezcohuite's creams and offer the same benefits. This deception and the resulting displacement of sales from Plaintiffs to Defendant would not have occurred but for Defendant's false and misleading advertising.

32. Plaintiffs do not and cannot control the safety, effectiveness, or quality of the Infringing Products. Thus, consumers who suffer bad experiences with the Infringing Products purchased and used in place of DEL INDIO PAPAGO Tepezcohuite's creams are likely to think less of both Plaintiffs and DEL INDIO PAPAGO Tepezcohuite's creams.

33. Furthermore, the Infringing Products also lead consumers to believe that Plaintiffs are responsible for the ingredients of a cream that it did not manufacture, test, produce, distribute, or sell whatsoever.

**RASHBI'S TRADEMARK APPLICATION**

34. Rashbi has filed the trademark application U.S. S.N. 98,182,225 (the "Application") for the mark PAPA INDIO (words only). A copy of the Application is attached as **Exhibit 2** and incorporated herein by this reference. The mark in the Application is nearly identical to DEL INDIO PAPAGO's trademark and was filed for goods and services in International Class 003 for the same products identified in DEL INDIO PAPAGO's registrations.

10

**RASHBI'S KNOWLEDGE OF THE INFRINGING PRODUCTS**

35.    Rashbi has had actual knowledge of the Infringing Products since at least April 24, 2024. On that date, Plaintiffs sent a letter to Defendant's correspondent counsel before the USPTO regarding the infringement of the '075 Registration.  Defendant's counsel acknowledged receipt and agreed to provide a substantive response, but has failed to do so.

**COUNT I:**
**TRADEMARK INFRINGEMENT UNDER LANHAM ACT**
**UNDER 15 U.S.C. § 1114 and 1125(a)(1)(A)**

36.    Plaintiffs hereby incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

37.    Plaintiffs, individually or through assignments, own the DEL INDIO PAPAGO mark.

38.    The DEL INDIO PAPAGO mark is registered with the United States Patent and Trademark Office and the registration is valid, in full force and effect.

39.    Defendant willfully and knowingly has used and continues to use the DEL INDIO PAPAGO mark to sell non-genuine Infringing Products bearing the mark without Plaintiffs' consent.

40.    The Infringing Products sold by Defendant bearing the DEL INDIO PAPAGO mark are materially different from genuine the DEL INDIO PAPAGO branded products because they are not subject to, and do not comport with, the quality controls of genuine the DEL INDIO PAPAGO branded products.

11

41.     Defendant's unauthorized use of the DEL INDIO PAPAGO mark has caused confusion and mistakes in the mind of the purchasing public and, thus, constitutes an infringement of Plaintiffs' rights.

42.     Defendant's unauthorized sale of non-genuine DEL INDIO PAPAGO branded products has damaged the value of Plaintiffs' DEL INDIO PAPAGO mark and caused significant damage to Plaintiffs' business relationships.

43.     Plaintiffs have also suffered, and will continue to suffer, damage to their business, goodwill, reputation and profits in an amount to be proven at trial.

44.     Plaintiffs are further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained due to their wrongful acts. Plaintiffs are presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of their acts of service mark infringement.

45.     Defendant's aforesaid acts are greatly and irreparably harming to Plaintiffs and will continue to harm Plaintiffs unless restrained by this Court, and, therefore, Plaintiffs are without an adequate remedy at law.

46.     Plaintiffs are entitled to preliminary and permanent injunctive under 15 U.S.C. §1116 relief prohibiting Defendant from using the DEL INDIO PAPAGO mark and any other trade name, trademark, or domain name that is likely to be confused with the DEL INDIO PAPAGO mark, including DEL INDIO PAPAGO Tepezcohuite's creams.

47.     Plaintiffs are also entitled to enhanced damages and attorneys' fees under 15 U.S.C. §1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed on the Plaintiffs' DEL INDIO PAPAGO mark.

## COUNT II:
## FALSE ADVERTISING
## UNDER 15 U.S.C. § 1125(a)

48.     Plaintiffs hereby incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

49.     Defendant advertises, promotes, distributes, and sells the Infringing Products throughout the United States and New York through retailers, including Amazon and Walmart using the statements, materials, and communications described above, which are false and misleading representations of fact in commercial advertising or promotion, made in interstate commerce, that misrepresent the nature, characteristics, and qualities of the Infringing Products and deceive and/or have the capacity to deceive a substantial segment of relevant consumers and potential consumers.

50.     Defendant's actions create false impressions and confusion regarding the Infringing Product's ingredients and association with DEL INDIO PAPAGO Tepezcohuite's creams, including statements that the Infringing Products are manufactured by the same entity that exclusively manufactures DEL INDIO PAPAGO Tepezcohuite's creams.

51.     Defendant's deception and intended deception was and is material because it is likely to influence relevant consumers' purchasing decisions due to its actual deception or, at a minimum, a tendency to deceive a substantial portion of the intended audience.

52.     As a direct result of Defendant's false and misleading descriptions of fact, false and misleading representations, and false and deceptive advertising, Plaintiffs have suffered, currently suffer, and will continue to suffer damage and irreparable injury, including injury to their business,

13

reputation, and goodwill, including by direct diversion of sales from Plaintiffs to Defendant or by a lessening of the goodwill associated with Plaintiffs.

53.    Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to damages for Lanham Act violations, an accounting for profits made by Defendant on sales of the Infringing Products, and recovery of costs of this action. Furthermore, the conduct alleged herein was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiffs to recover additional damages and reasonable attorney fees pursuant to 15 U.S.C. § 1117.

54.    Defendant's conduct has caused and will continue to cause, immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law. As such, Plaintiffs are also entitled to injunctive relief as set forth in 15 U.S.C. § 1116.

55.    Plaintiffs' unlawful conduct, including, inter alia, advertising, promotion, selling, and distribution of counterfeit Tepezcohuite creams, has harmed and will continue to irreparably harm Plaintiffs and pose grave risks to New York purchasers, residents, and other consumers.

## COUNT III:
## UNFAIR COMPETITION
## UNDER 15 U.S.C. § 1125(a)

56.    Plaintiffs hereby incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

57.    DEL INDIO PAPAGO has been uniquely associated with Tepezcohuite creams and the public identifies Plaintiffs as the source for Tepezcohuite creams.

58.    Defendant's sale of non-genuine Infringing Products bearing a mark nearly identical to the DEL INDIO PAPAGO mark is likely to cause consumer confusion and lead

consumers to believe that those products are affiliated with, connected with, associated with, sponsored by, or approved by Plaintiffs when they are not.

59.    Defendant's conduct constitutes unfair competition under the Lanham Act, 15 U.S.C. §1125(a).

60.    Plaintiffs are entitled to injunctive relief under 15 U.S.C. §1116 because they have no adequate remedy at law for Defendant's infringement and unless Defendant is permanently enjoined, Plaintiffs will suffer irreparable harm.

61.    Plaintiffs are entitled to enhanced damages and attorneys' fees under 15 U.S.C. §1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed on Plaintiffs' mark.

### COUNT IV:
### COMMON LAW UNFAIR COMPETITION

62.    Plaintiffs hereby incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

63.    Defendant began the unauthorized sale of the Infringing Products in New York and in this District with full knowledge of Plaintiffs' trademark rights for the purpose of trading upon the goodwill associated with Plaintiffs' marks, and to obtain recognition and demand for its Tepezcohuite creams that it otherwise would not have had.

64.    Defendant's unauthorized use of the DEL INDIO PAPAGO mark has caused confusion and mistakes in the mind of the purchasing public and, thus, constitutes an infringement of Plaintiffs' rights, all in violation of the common law.

65.     Defendant's acts of infringement are deliberate and willful with the intention to usurp Plaintiffs' rights and have caused significant damage to Plaintiffs' business relations and the infringed DEL INDIO PAPAGO mark.

66.     As a result, Plaintiffs are entitled to recover from Defendant the actual damages that Plaintiffs sustained and/or are likely to sustain as a result of Defendant's wrongful acts, including the gains, profits, and advantages that Defendant has realized by reason of its infringement.

67.     Plaintiffs are also entitled to punitive damages because Defendant acted with actual malice accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by its acts and omissions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this court enter judgment in its favor and grant the following alternative and cumulative relief

(a)     For an order declaring that Defendant has infringed the '075 Registration.

(b)     For an order permanently enjoining Defendant, its officers, agents, servants, and employees, and those in active concert or participation with any of them, from infringing the '075 Registration.

(c)     For an accounting of all damages sustained by Plaintiffs as a result of Defendant's infringing activities;

(d)     For an order that Defendant, its agents, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be preliminarily and permanently enjoined from directly or indirectly falsely advertising or promoting the Infringing

16

Products or inducing others to purchase or use the Infringing Products in place of or in lieu of Plaintiffs' products.

(e)    For an order that Defendant, its agents, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be preliminarily and permanently enjoined from directly or indirectly making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of the Infringing Products in such fashion as to suggest that it is manufactured, sold or otherwise related to Plaintiffs or DEL INDIO PAPAGO.

(f)    For an order that Defendant take corrective action to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of the Infringing Products and/or Plaintiffs' DEL INDIO PAPAGO products.

(g)    For an order granting Plaintiffs such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression concerning the nature, characteristics, qualities or benefits of the Infringing Products;

(h)    For an order requiring Defendant to pay Plaintiffs damages under 15 U.S.C. § 1117(a) and in the amount of Plaintiffs' actual and consequential damages and any profits of Defendant resulting from its advertisements and marketing of the Infringing Products;

(i)    For an order requiring Defendant to pay Plaintiffs all of their reasonable attorneys' fees, costs and expenses, including those available under 15 U.S.C. §1117(a) and any other applicable law;

17

(j)     For an order finding that this is an exceptional case and requiring Defendant to pay Plaintiffs additional damages equal to three times the actual damages awarded Plaintiffs pursuant to 15 U.S.C. § 1117(a) and any other applicable law;

(k)     For an order requiring Defendant to pay Plaintiffs pre-judgment and post-judgment interest on the damages awarded and assessing all costs of this action against Defendant and/or

(l)     For an order providing such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: New York, New York
July 26, 2024

MUNOZ-LOPEZ & ASSOCIATES, PLLC

Luis F. Calvo
Angel Miguel Munoz

305 Broadway, Suite 704
New York, NY, 10007
Tel. 212-500-3288
luis@munoz-lopez.com
miguel@munoz-lopez.com
*Attorneys for Plaintiffs*

18